IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN POULTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 12-CV-1071 |
| COTTRELL, INC., | ) ) Judge John J. Tharp, Jr. |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Defendant Cottrell, Inc., moved for summary judgment (having lost a previous motion for summary judgment) in this products liability case on the ground that federal law requires expert testimony to prove a product is defective, even in diversity cases. Because this Court concludes that state law governs whether such testimony is required to prove a products liability claim, and Kentucky law does not require such testimony where the alleged defect is within the ken of ordinary jurors, Cottrell's second motion for summary judgment is also denied.

## BACKGROUND

This case has already survived summary judgment once and the issues here are exclusively legal, so few facts are necessary to understand the present dispute. Plaintiff John Poulter hauls cars for a living, which is what he was doing using a rig manufactured by Cottrell when he fell on January 31, 2011. *See Poulter v. Cottrell, Inc.*, 50 F. Supp. 3d 953, 955 (N.D. Ill. 2014). Poulter sued Cottrell in strict product liability and negligence, claiming the rig was defective because it should have included more safety features (such as handrails and guardrails or cables). *Id* at 958. Cottrell moved for summary judgment, claiming (among other things) that Poulter had failed to establish "a negative risk utility," "a feasible alternative design," or "evidence of causation." *Id*. at 961. The Court denied Cottrell's motion for summary judgment,

finding that testimony from Poulter's expert, Cottrell's own engineer, and other evidence such as photographs of the rig, were sufficient to create issues of material fact. *Id*. at 961-962.

Some two years later, Cottrell claimed via a motion *in limine* that federal law should apply to whether an expert is required to prove the existence of a defect, that federal law requires such expert testimony, and that Poulter failed to provide such testimony. *See* Def.'s Mot., ECF No. 163. Poulter does have an expert, but the expert is barred by a prior ruling of this Court from testifying that the rig was defective because the expert failed to set forth the standards used in reaching that opinion. *See Poulter v. Cottrell, Inc.*, No. 12 C 01071, 2014 WL 5293595, at *4 (N.D. Ill. June 24, 2014). Similarly, the Court barred testimony that the lack of safety measures "was the principal cause" of the fall because it "offers no more than the inference that any lay person could draw from Poulter's testimony: that he fell because he had nothing to hold onto or to catch him." *Id.* at *3-4.

After considering the motion *in limine,* the Court authorized Cottrell to file this second motion for summary judgment to more fully address three issues: (1) whether federal or state law governs whether expert testimony as to the existence of a defect is required, (2) what that law says on the question, and (3) if required, whether the admissible portion of Poulter's expert testimony suffices.

## DISCUSSION

As an initial matter, the Court notes and rejects Cottrell's effort to expand the scope of the issues to be addressed. Cottrell, for example, devotes the third section of its brief to the idea that Poulter's expert's remaining testimony (which has already been found admissible by this Court) is in fact inadmissible. *See* Def.'s Mem. at 12, 15-16, ECF No. 170. Cottrell further adds an argument that Poulter's breach of implied warranty claim should be dismissed because

2

Kentucky law requires privity of contract.[1] *Id*. at 16. Cottrell also mischaracterizes, or at least misapprehends, the Court's prior summary judgment ruling when it claims that the Court held that "plaintiff's claims 'collapse' without expert evidence of defect." *Id*. at 3. In fact, the Court noted only that the analyses required for plaintiff's strict liability and negligence claims "collapse" into the same analysis in a case of design defect "because the foundation of both theories is that the product is unreasonably dangerous." *Id*. (internal quotation omitted). Nowhere did the Court hold that expert evidence of design defect is required. Had the Court done so, Cottrell would not have needed this second bite at the summary judgment apple.[2]

For his part, Poulter devotes much of his brief to an argument about law of the case—even though the Court granted leave to Cottrell to file its further motion—and opted not to answer the first or second questions, preferring to simply stand on the sufficiency of his evidence under either regime. *See* Pl.'s Resp. at 6-8, ECF No. 175. That risky approach offers little assistance in addressing the issues identified by the Court. The problems in these responses notwithstanding, the Court presses on to address the issues on which it requested briefing:

---

[1] The breach of warranty claim was withdrawn by Poulter during the briefing of the first motion for summary judgment, so the Court is unclear why Cottrell felt the need to attempt to keep arguing that it should win a fight it has already won. *See Poulter v. Cottrell, Inc.*, 50 F. Supp. 3d 953, 958 (N.D. Ill. 2014).

[2] The confusion engendered by this effort to expand the scope of the motion at bar is exacerbated by the careless presentation in Cottrell's brief, which in addition to frequently ignoring the niceties of punctuation, consistent fonts, and pin cites, at least ***five times*** provides a case name without a citation to ***any reporter***. These cases can be found on pages 4, 6-7, 10 (twice), and 16 of Cottrell's opening brief. A partial citation to "*otio*, 776 (E.D. Ky. 2006)" is found on page 15. Cases without citation can also be found on pages 8 and 13 of Cottrell's reply. The Court further notes that Cottrell's brief is over the page limit prescribed in Local Rule 7.1 and fails to provide the table of cases required in briefs over the page limit (which might have solved the missing citation problem). Suffice it to say that this sort of sloppy presentation does nothing to enhance the persuasiveness of Cottrell's argument.

whether state or federal law applies to the issue of if an expert's testimony on a product's defect is required, what that law says, and whether Poulter has provided what the law requires of him.

**I. State Law Controls**

This is a diversity case in which Kentucky substantive law applies. Cottrell's motion is premised upon a 2011 Seventh Circuit case in which a panel ruminated about whether "federal rather than state law determines whether expert evidence is essential." *Show v. Ford Motor Co.*, 659 F.3d 584, 586 (7th Cir. 2011). After noting several federal statutes that require expert testimony to establish consumer expectations, the opinion went on to analyze **Illinois** law to determine whether or not in that case an expert's testimony was required. *Id*. at 586-87. Both parties had assumed Illinois law governed the issue, and its dicta notwithstanding, the *Show* panel explicitly "bypass[ed]" the issue of whether "federal law determines what kind of evidence is required." *Id*. at 587. It then concluded that under Illinois law, such evidence is required in a products liability suit. *Id*. at 588. The Seventh Circuit has continued to require expert testimony in products liability cases when applying Illinois law. *See Thornton v. M7 Aerospace LP*, 796 F.3d 757, 772 (7th Cir. 2015). Other district courts have also considered *Show* to be an application of Illinois law rather than an overriding federal rule. *See, e.g., Assaf v. Cottrell, Inc.,* No. 10 C 85, 2012 WL 4177274, at *2 (N.D. Ill. Sept. 19, 2012). The Seventh Circuit has also accepted state law as controlling other evidentiary questions in products liability cases, such as whether a defect can be proved by circumstantial evidence. *See, e.g., Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 604–05 (7th Cir. 2016). Other circuits have also applied state law to determine whether expert testimony is required. *See, e.g., Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 532 (6th Cir. 2012).

Further, although it is true that the Federal Rules of Evidence apply in diversity suits, state law controls issues such as "the elements of a defense and the burden of persuasion." *Intercon Solutions, Inc. v. Basel Action Network*, 791 F.3d 729, 732 (7th Cir. 2015). Federal adoption of a requirement for expert testimony could be considered to add an element to state law where none exists, or at the very least increase the burden of persuasion that might otherwise apply under state law. Increasing the evidentiary requirements on plaintiffs who are pulled by defendants into federal court rather than remaining in state court could, therefore, threaten to revive the "mischievous results" that current doctrine attempts to alleviate.[3] *Erie R.R. v. Tompkins*, 304 U.S. 64, 74 (1938).

There are good reasons, then, for caution in following the path considered—but by-passed—by the Seventh Circuit in *Show*. This Circuit has not itself committed to that path, and existing precedent points in the other direction. In light of the Seventh Circuit's history of accepting state law as controlling questions of what evidence is required to prove a case and the underlying principles of diversity jurisdiction, the Court finds that it is to state law—here, Kentucky's—that it must turn to determine whether a plaintiff must present an expert's testimony on whether a product's design is defective.

**II. Kentucky Law Does Not Require an Expert's Testimony in this Case**

The oft-quoted rule in Kentucky is that

> As a general rule, expert witnesses are generally necessary, indeed essential, in products liability cases, as they are in medical malpractice actions, to prove such matters as a product defect and proximate causation, unless of course the nature of the defect and

---

[3] Though the debate may be colored by political, as well as legal, considerations, it can be argued that expanding the scope of federal "procedural" rules disadvantages tort diversity plaintiffs generally and in cases that involve expert testimony specifically. *S*ee JoEllen Lind, *"Procedural Swift": Complex Litigation Reform, State Tort Law, and Democratic Values,* 37 AKRON L. REV. 717, 771-74 (2004).

resultant injuries are so obvious as to fall within the general knowledge of the ordinary person.

*Thomas v. Manchester Tank & Equip. Corp., No*. CIV.A. 3:03CV-705-H, 2005 WL 3673118, at *1 (W.D. Ky. May 13, 2005) (*quoting* William S. Haynes, KENTUCKY JURISPRUDENCE: TORTS § 21-18 (1987)). As the Sixth Circuit has explained, "[e]xpert testimony may be required in cases in which the question is of a complex and technical nature such that a lay juror could not, without the aid of the expert, infer that a defective condition of the product caused the product's failure and caused the injury to the plaintiff." *Stevens v. Keller Ladders*, 1 F. App'x 452, 458 (6th Cir. 2001). By contrast, "matters of general knowledge" do not require expert testimony. *Honaker v. Innova, Inc.*, No. CIV.A. 1:04-CV-132(M, 2007 WL 1217744, at *2 (W.D. Ky. Apr. 23, 2007). In fact, matters such as causation can be proven entirely through circumstantial evidence and are questions of fact for the jury. *See Gray v. GMC,* 133 F. Supp. 2d 530, 534 (E.D. Ky. 2001); *Holbrook v. Rose*, 458 S.W.2d 155, 157 (Ky. App. Ct. 1970).

This case is one in which the nature of the defect and the resultant injuries are obvious. Poulter slipped and fell; he argues this was because there was nothing on the rig for him to hold or grab. In responding to the initial summary judgment motion, the Court has already found that "the photographs of the rig and Poulter's description of his fall, particularly his inability to grab onto anything or brace himself from falling, are sufficient evidence from which a jury could infer that the absence of a guard rail, extended ladder, or grab bar was a substantial factor in bringing about Poulter's injuries." *Poulter v. Cottrell, Inc.*, 50 F. Supp. 3d 953, 961–62 (N.D. Ill. 2014). In fact, one of the reasons Poulter's expert was barred from discussing defect was because these issues are within the ken of ordinary jurors such that expert testimony would not assist the jurors' understanding. *Id*. In its initial *Daubert* opinion, the Court called the analysis of defect "common-sense reasoning." *Poulter v. Cottrell, Inc.*, No. 12 C 01071, 2014 WL 5293595, at *4

(N.D. Ill. June 24, 2014). Although Cottrell cites to numerous cases in which specific nuts and bolts of common objects have been found to be too complex for the average juror, this is not a case that involves an inquiry into the complicated workings of a piece of machinery (such as the hot water heater in *Thomas*), or the physics of vehicle rollovers (*Show*), or the probable result of an 'out of round' brake drum when brakes are applied (*Midwestern V. W. Corp. v. Ringley*, 503 S.W.2d 745, 747 (Ky. 1973)). The defect alleged here is the absence of a hand, or guard, rail. If the question were one of the materials used to make a grab bar, or the way in which a handhold was connected to the rig, this might be a different question. But the effect of the presence or absence of such readily observable features does not require an expert. Indeed, the alleged defect here presents a concept that is about as simple to understand as any that could be imagined. If the concept that having something to hold onto may prevent a fall (or that the absence of something to hold onto may create an unreasonable danger of a fall) is beyond the ken of ordinary jurors, what, exactly, would be within their ken? If expert testimony is required here, Kentucky's rule that matters of general knowledge do not require expert testimony would be meaningless.

None of this is to say that Poulter has a slam-dunk case. Cottrell may well be able to show that under the risk-utility test (essentially, a cost-benefit analysis) the rig from which Poulter fell was not defective. However, Poulter's case does not automatically fail under Kentucky law because no expert has opined on this issue because it is within the general knowledge of the ordinary person (and because, as discussed in the Court's prior summary judgment opinion, Poulter can marshal evidence that there were alternative feasible designs—*see Poulter v. Cottrell, Inc.*, 50 F. Supp. 3d 953, 961 (N.D. Ill. 2014)).

\*     \*     \*

Kentucky law governs, and an expert is not required in this case under Kentucky law. Because the Court has found that Poulter does not require an expert's opinion on the existence of a defect, it does not need to address the third question. Cottrell's motion for summary judgment is denied.

Dated: December 28, 2016

John J. Tharp, Jr.
United States District Judge